J-A07022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENISE ANN GOHN | : | |
| | : | |
| Appellant | : | No. 1239 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 20, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000595-2023

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

JUDGMENT ORDER BY OLSON, J.:          **FILED: AUGUST 18, 2025**

This case returns to us pursuant to an order filed by our Supreme Court on July 16, 2025.[1]  In its order, the Supreme Court vacated our prior disposition in this matter entered on February 24, 2025 and remanded this case back to us for reconsideration in light of **Commonwealth v. Shifflett**, 335 A.3d 1158 (Pa. 2025).  In **Shifflett**, the Supreme Court held "that 75 Pa.C.S.A. § 3806(a) [was] facially unconstitutional to the extent it allows a previous acceptance of [Accelerated Rehabilitative Disposition (ARD)] to be used as the basis for an enhanced sentence under [75 Pa.C.S.A. § 3804.]"  **Shifflett**, 335 A.3d at 1178.  Because acceptance of ARD may no longer permissibly be used as a basis to impose an enhanced sentence under

---

[1] The facts of this matter may be reviewed in our prior memorandum.  **See Commonwealth v. Gohn**, 335 A.3d 355 (Pa. Super. 2025) (non-precedential decision), *order vacated*, 2025 WL 1943000 (Pa. July 16, 2025).

Section 3804, we are constrained to vacate the unlawful judgment of sentence imposed by the trial court and to remand this matter for resentencing in accordance with the Supreme Court's recent opinion in *Shifflett*.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/18/2025